**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**FLINT DIVISION**

GERALD A. STOUDAMIRE,

Plaintiff,

Case No. 4:25-cv-14122

v.

DEMAND FOR A JURY TRIAL

COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS and GREYSTAR REAL ESTATE PARTNERS, LLC,

Defendants.
_______________________________________/

# COMPLAINT

Plaintiff GERALD A. STOUDAMIRE ("Plaintiff"), by and through the undersigned, complains as to the conduct of COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS ("Genesis") and GREYSTAR REAL ESTATE PARTNERS, LLC ("Greystar") (collectively "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692 *et seq.,* the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.,* and the Michigan Collection Practices Act ("MCPA") pursuant to M.C.L. § 445.251 et seq., for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

4. Joinder of Plaintiff's claims against Defendants are proper pursuant to Fed. R. Civ. P. 20(a)(2) as the conduct arises out of the same transaction, occurrence, or series of transactions and occurrences and common questions of law and fact will a rise.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age currently residing in Flint, Michigan, located in the Eastern District of Michigan but previously resided in the District of Arizona.

6. Genesis is a third-party debt collector "providing organizations with the ability to take back control of their delinquent accounts."[1] Genesis is engaged in the

[1] https://www.genesiscred.com/

business of collecting or attempting to collect debts owed or due, or asserted to be owed or due, to another, from consumers across the country, including from those in the state of Michigan. Genesis is a limited liability company organized under the laws of the state of Washington with its principal place of business located at 906 SE Everett Mall Way, Suite 301, Everett, Washington, 98208.

7. Greystar is a property management company that is engaged in the business of providing air-bnb and rental services, collecting rent owed or due, or asserted to be owed or due, to another, from consumers across the country, including from those in the state of Arizona and Michigan. Greystar is a limited liability company organized under the state of Delaware and its principal place of business is located at 2 Office Park Court Suite 103 Columbia, South Carolina 29223.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon a purported consumer debt of about $2,021.36 ("subject consumer debt") that Plaintiff allegedly owed to Avana Cordoba, a property managed by Greystar.

10. The purported subject consumer debt was an alleged obligation arising from a transaction for personal, family, or household purposes.

11. Prior to the conduct giving rise to these claims, Plaintiff moved out of Avana Cordoba and did not owe an outstanding balance to the complex.

12. In or around September 2025, upon information and belief, for reasons unknown to Plaintiff, the purported subject consumer debt was created, charged-off, and placed with Genesis for collection purposes.

13. Soon thereafter, Plaintiff began receiving calls and unwanted email communications to his cellular phone number, (602) XXX-8987, and email address, gsto********@gmail.com, from Defendants, seeking collection of the purported subject consumer debt.

14. At all times relevant to the instant action, Plaintiff has been the sole subscriber and operator of the cellular phone associated with the number ending in -8987. Plaintiff is, and always has been, responsible for the phone and its associated services.

15. At all times relevant to the instant action, Plaintiff has also been the sole operator of the gsto********@gmail.com account.

16. Defendants have primarily used the phone number (602) 894-7515 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendants have used other phone numbers as well.

17. Upon information and belief, Defendants regularly utilize the above-referenced phone number during their debt collection activity.

18. Upon answering a call from Defendants, Plaintiff learned that it was seeking to collect on the purported subject consumer debt owed to Avana Cordoba.

19. Plaintiff inquired with Defendants about the purpose of the call, as he did not owe a balance on this obligation and demanded that it cease all communications to his cellular phone and email seeking payment on the purported subject consumer debt.

20. Rather than treat Plaintiff with any respect and abide by his demands, Defendants instead have continued these calls and email communications for the past several months and engaged in a collection campaign in an unfair and harassing manner.

21. Moreover, Plaintiff has been in contact with third parties who work at Greystar's property, Avana Cordoba, and confirmed that he did not owe a balance.

22. Despite such, Defendants continue to place unwanted collection phone calls to Plaintiff's cellular phone number and unwanted email communications to Plaintiff's email seeking payment for the purported subject consumer debt.

23. Defendants' collection efforts were designed to harass Plaintiff and squeeze sums of money from a consumer who had otherwise made clear that he did not owe this obligation and did not want Defendants contacting him regarding the purported subject consumer debt.

24. Frustrated, distressed, and concerned over Defendants' conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, resources, and expenses.

25. Plaintiff's attorneys further sent Defendants multiple email notifications that identify the attorney's name, number, firm address, and a statement indicating Plaintiff retained their firm in connection with the alleged subject debt and Defendant's collection calls.

26. Despite receiving multiple notices that Plaintiff was represented by an attorney, Defendants still continue their ongoing phone call and email harassment campaign demanding payment directly with Plaintiff up until the filing of this litigation.

27. Plaintiff has been unfairly and unnecessarily harmed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwarranted collection telephone calls, emotional distress, being subjected to harassing debt collection communications, and numerous violations of his state and federally-protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

PLAINTIFF AGAINST GENESIS

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

31. Genesis is a "debt collector" as defined by § 1692a(6) of the FDCPA as its regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

32. Genesis identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

33. The purported subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of the FDCPA, 15 U.S.C. § 1692A**

34. 15 U.S.C. § 1692a(2) broadly prohibits debt collectors from communicating "with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address."

35. Genesis violated 15 U.S.C. § 1692a(2) by proceeding to communicate with Plaintiff after it received notice that Plaintiff is represented by an attorney in connection with the subject debt on November 24, 2025. This initial email identified

Plaintiff, the Defendants, the amount of subject debt in controversy, and a general summary of Plaintiff's purported claims. Moreover, Plaintiff's attorneys have sent several follow up emails to Genesis on December 3, December 11, and December 12, 2025, notifying Genesis of Plaintiff's legal representation after not receiving an initial response from Genesis. In all of their email communications, Plaintiff's attorneys included in their signature line: the attorney's name, the attorney's phone number, and the address of the attorney's law firm. As such, Genesis knew or should have reasonably ascertained that Plaintiff was represented by an attorney, and that such representation was related to the subject debt purportedly being sought out by Defendants.

36. Despite being able to reasonably ascertain that Plaintiff was represented by an attorney, Genesis still willingly and intentionally contacted Plaintiff regarding the subject debt through its multiple cell phone calls and unwanted email communications it had implemented previously in its harassment collection campaign. Such conduct directly violates the plain language set out under 15 U.S.C. § 1692a(2).

**b. Violations of the FDCPA, 15 U.S.C. § 1692D AND 12 C.F.R. § 1006.14**

37. 15 U.S.C. § 1692d broadly prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Without limiting the generally

applicable nature of the foregoing, 15 U.S.C. § 1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

38. Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

39. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

40. Genesis violated § 1692d and § 1692d(5) through its harassing and noncompliant collection campaign directed towards Plaintiff. On multiple

occasions, Plaintiff notified Genesis orally that its calls and emails were not welcome and needed to cease altogether, as he did not owe any outstanding balance on the purported debt. Genesis knew that its continued placement of phone calls and emails would be unwelcome, inconvenient, harassing, and distracting to Plaintiff, yet nevertheless repeatedly attempted to engage Plaintiff in conversations regarding the purported subject consumer debt, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the purported subject consumer debt, Genesis was obligated to cease utilizing such medium of communication in its efforts to collect the purported subject consumer debt – however, such calls persisted notwithstanding Genesis's obligation to cease. Genesis engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the purported subject consumer debt. Genesis' intent to harass is further made clear by its conduct in continuing to contact Plaintiff after learning of his representation. Genesis was made aware that it could correspond with Plaintiff's representative if it wished to discuss the debt, but ignored Plaintiff's representative and continued contacting Plaintiff seeking the balance of the debt.

**c. Violations of the FDCPA, 15 U.S.C. § 1692E**

41. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. Genesis violated § 1692e when it misrepresented its legal ability to continue to call Plaintiff after he had repeatedly demanded it refrain from contacting his cellular phone and email altogether. Genesis did not have the right and ability to engage in such conduct, since under the binding regulations it was required to cease calling Plaintiff regarding the purported subject debt. Any further efforts to contact Plaintiff in contempt of the regulations naturally had the consequence of misrepresenting Genesis's right to do so.

43. Genesis further violated § 1692e when it misrepresented its legal ability to continue to contact Plaintiff directly after receiving multiple notices that Plaintiff was represented by legal counsel. Genesis did not have the right and ability to engage in such conduct, since under the binding regulations it was required to cease contacting Plaintiff directly regarding the purported subject debt upon reasonably ascertaining that Plaintiff was represented by an attorney. Any further efforts to contact Plaintiff in contempt of the regulations naturally had the consequence of misrepresenting Genesis's right to do so.

**d. Violations of the FDCPA, 15 U.S.C. § 1692F**

44. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using “unfair or unconscionable means to collect or attempt to collect any debt.”

45. Genesis violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff’s cellular phone and contact Plaintiff’s email account despite Plaintiff revoking consent prior.

46. Genesis further violated § 1692f when it unfairly and unconscionably attempted to collect on the purported subject consumer debt by calling Plaintiff while it was aware that he demanded on multiple occasions, over several months, that Genesis cease contacting him. Plaintiff had made Genesis aware he could not receive such calls and emails. Genesis unconscionably attempted to take advantage of Plaintiff's difficult position by continuing to call and email, in efforts to harass him into submitting payment, on an obligation he made explicitly clear she did not owe.

47. Genesis’s unconscionable and unfair conduct violations of § 1692f also extend to Genesis’s unauthorized communications to Plaintiff after it received notice that Plaintiff was represented by an attorney. On at least three occasions, Plaintiff’s attorneys notified Genesis that they were attorneys representing Plaintiff in connection with the purported subject debt Defendant sought to collect on. Such information was clearly outlined in each email communication, including the name of the attorney, the address of the law firm, and the subject of the email itself. Yet, Genesis’s willful attempts to continue contacting Plaintiff rather than communicate

with Plaintiff's attorneys to collect on the subject debt are unconscionable and unfair. Thus, such conduct violates this section of the FDCPA.

WHEREFORE, Plaintiff, GERALD A. STOUDAMIRE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the purported subject debt; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

PLAINTIFF AGAINST GENESIS

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

50. Genesis is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

51. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

**a. Violations of M.C.L. § 339.915(f)(ii)**

52. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

53. Genesis violated M.C.L. § 339.915(f)(ii) through its misrepresentation regarding the extent to which Genesis was permitted to harass Plaintiff through its repeated placement of phone calls following his request that such communications cease. As Genesis did not actually have the right to engage in such behavior as it was barred from doing so under the FDCPA, such calls continuing in this manner had the natural consequence of misrepresenting to Plaintiff that Genesis had the legal right to ignore his requests and continue calling, when this was not the case.

54. Genesis further violated M.C.L § 339.915(f)(ii) by continuing to contact Plaintiff directly after it had received notice of Plaintiff's attorney representation. Through their conduct, Genesis misrepresented that they had the legal ability to contact and collect from Plaintiff, even though the MOC (as outlined below) directly prohibits such communications and finds them unlawful.

55. Genesis violated M.C.L § 339.915(f)(ii) by falsely representing the amount of fees Plaintiff owed to Greystar. Genesis engaged in deceptive conduct by improperly assessing fees to Plaintiff following his departure from the Avana Cordoba apartment complex. Even after Plaintiff spoke with agents at Avana Cordoba to confirm that the amount of the purported debt was not owed by Plaintiff, Genesis still continued its collection activities with Greystar and continued to purport that Plaintiff was still required to pay the subject debt. Such conduct misrepresents Genesis's legal rights and entitlement to collect on the subject debt, which does not exist.

**b. Violations of M.C.L. § 339.915(h)**

56. The MOC, pursuant to M.C.L. § 339.915(h), prohibits a collection agency from "communicating with a debtor, except through billing procedure, when the debtor is actively represented by an attorney, the attorney's name and address are known, and the attorney has been contacted in writing by the credit grantor or the credit grantor's representative or agent."

57. Genesis violated the MOC by continuing to contact Plaintiff directly after it had received notice of Plaintiff's attorney representation. Through their conduct, Genesis misrepresented that they had the legal ability to contact and collect from Plaintiff, even though the MOC directly prohibits such communications and finds them unlawful. Moreover, Genesis's continued communications were not billing

procedures, but rather explicit demands for Plaintiff to make payments on the purported subject debt. In each of the notifications Genesis received, Plaintiff's attorneys stated that Plaintiff was actively represented by the attorney's firm, identified the attorney's name and firm's address, and such notices were made in writing. Genesis's deliberate choice to ignore Plaintiff's attorneys' email notifications and to continue to directly contact Plaintiff regarding the subject debt violates the plain language of the MOC.

**c. Violations of M.C.L. § 339.915(n)**

58. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are *known to be inconvenient to the debtor*." (emphasis added).

59. Genesis violated the MOC through its harassing and oppressive conduct in continuing to seek collection of the subject debt from Plaintiff via phone calls despite his demands that such calls cease. Plaintiff informed Genesis that further calls were unwanted, and Genesis continued to harass Plaintiff in further efforts to collect on the debt.

60. Genesis's contact with Plaintiff after receiving multiple notices of Plaintiff's attorney representation, in and of itself, is in violation of the MOC. Contacting a

consumer repeatedly and deliberately while receiving notice of Plaintiff's attorney representation is harassing and abusive. Upon receiving notice that Plaintiff had legal representation in connection with the subject debt, Genesis was required to cease all communications in connection with the subject debt. Yet, Genesis disregarded the law and continued its harassment campaign to Plaintiff directly with the knowledge that such communications were inconvenient and unwelcome.

**d. Violations of M.C.L. § 339.915(q)**

61. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

62. Genesis violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Plaintiff informed Defendants that their communications were inconvenient, unwelcomed, and harassing, further demanding that they stop. Plaintiff also informed Defendants that the amount under the subject debt was confirmed by the apartment complex to not be correct. Nevertheless, the calls and email communications continued at an incessant rate and the subject debt continued to inaccurately report that such amount of debt was owed by Plaintiff. Such conduct demonstrates the lack of any procedures in place by Defendants wherein its employees would cease calling after becoming aware that its calls were pervasively unwelcome and inconvenient and no longer made with legal

consent. In fact, Defendants' policies seem to encourage these very violations, given Defendants' persistent communications, both after Plaintiff revoked as well as receiving notice of Plaintiff's legal representation, notwithstanding the extent to which Defendants knew them to be harassing to Plaintiff. As such, Defendants have not only failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts, but seemingly encouraged such violations of law through its harassing and oppressive methods of debt collection.

63. Genesis's violations of the MOC were willful. Defendants were notified by Plaintiff that Plaintiff did not wish to receive any more phone calls and emails, yet Plaintiff was continuously bombarded with collection communications from Defendants. Defendants further continued to contact Plaintiff directly in connection with the subject debt despite receiving three notices from Plaintiff's attorneys that Plaintiff was represented by legal counsel. Defendants engaged in this conduct knowing it to be harassing and violation of law, in turn demonstrating its willful violations. Upon information and belief, Defendants regularly engage in the above-described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

WHEREFORE, Plaintiff, GERALD A. STOUDAMIRE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1).

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2).

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

PLAINTIFF AGAINST GREYSTAR

64. Plaintiff restates and realleges paragraphs 1 through 63 as though fully set forth herein.

65. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

66. Greystar is a "regulated person" as defined by M.C.L. § 445.251(1)(g) as both are a "person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

67. As a principal of Genesis, Greystar is vicariously liable for conduct carried out by Genesis towards Plaintiff.

68. The subject consumer debt is a "claim" or "debt" as defined by M.C.L. § 445.251(1)(a).

**e. Violations of M.C.L. § 445.252(f)(ii)**

69. The MCPA, pursuant to M.C.L. § 445.252(f)(ii), prohibits a regulated person from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

70. Greystar violated M.C.L. § 445.252(f)(ii) by repeatedly contacting Plaintiff's cellular phone and email through Genesis in direct disregard of his lawful demands that such calls and emails cease. Through its conduct, Greystar through Genesis misrepresented that it had the legal ability to contact Plaintiff when Plaintiff had made clear that such phone calls needed to cease. As such, Greystar misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

71. Greystar further violated M.C.L. § 445.252(f)(ii) by continuing to contact Plaintiff directly through Genesis after it had received notice of Plaintiff's attorney representation. Through their conduct, Greystar misrepresented that they had the legal ability to contact and collect from Plaintiff, even though the MCPA (as outlined below) directly prohibits such communications and finds them unlawful.

72. Greystar violated M.C.L. § 445.252(f)(ii) by falsely representing the amount of fees Plaintiff owed to it. Greystar engaged in deceptive conduct by improperly

assessing fees to Plaintiff following his departure from the Avana Cordoba apartment complex. Even after Plaintiff spoke with agents at Avana Cordoba to confirm that the amount of the purported debt was not owed by Plaintiff, Greystar still continued its collection activities with Genesis and continued to purport that Plaintiff was still required to pay the subject debt. Such conduct misrepresents Greystar's legal rights and entitlement to the subject debt that does not exist.

**f. Violations of M.C.L. § 445.252(h)**

73. The MCPA, pursuant to M.C.L. § 445.252(h), prohibits a regulated person from communicating with a debtor, except through billing procedure, when the debtor is actively represented by an attorney, the attorney's name and address are known, and the attorney has been contacted in writing by the credit grantor or the credit grantor's representative or agent, unless the attorney representing the debtor fails to answer written communication or fails to discuss the claim on its merits within 30 days after receipt of the written communication.

74. As mentioned above, Greystar's collection communications through Genesis violated the MCPA because they continued to contact Plaintiff directly despite receiving at least three notices of Plaintiff's attorney representation. Greystar's continued communications were not billing procedures, but rather explicit demands for Plaintiff to make payments on the purported subject debt. In each of the notifications Greystar received, Plaintiff's attorneys stated that Plaintiff was actively

represented by the attorney's firm, identified the attorney's name and firm's address, and such notices were made in writing. Greystar's deliberate choice to ignore Plaintiff's attorneys' email notifications and to continue to directly contact Plaintiff regarding the subject debt violates the plain language of the MCPA.

**g. Violations of M.C.L. § 445.252(n)**

75. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are *known to be inconvenient* to the debtor." (emphasis added).

76. Greystar violated the MCPA when they continuously called Plaintiff through Genesis after being notified to stop. In fact, Greystar knew the times it called Plaintiff were inconvenient because Plaintiff explicitly notified Defendants that he did not want to receive any communication regarding the subject debt. Despite Plaintiff's reasonable demands to cease contacts, Defendants nevertheless systematically contacted Plaintiff countless times and falsely reported the subject debt as being owed by Plaintiff, despite Defendants knowing such communications were harassing and unwanted by Plaintiff. This repeated behavior was harassing and abusive, and the frequency and volume of calls shows that Defendants willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff into

making payment. Further, Defendants' conduct in repeatedly calling Plaintiff in spite of Plaintiff's demands similarly illustrates the harassing intent behind Defendants' collection activities.

77. Greystar's contact with Plaintiff after receiving multiple notices of Plaintiff's attorney representation, in and of itself, is in violation of the MCPA. Contacting a consumer repeatedly and deliberately while receiving notice of Plaintiff's attorney representation is harassing and abusive. Upon receiving notice that Plaintiff had legal representation in connection with the subject debt, Defendant was required to cease all communications in connection with the subject debt. Yet, Defendant disregarded the law and continued its harassment campaign to Plaintiff directly with the knowledge that such communications were inconvenient and unwelcome.

**h. Violations of M.C.L. § 445.252(q)**

78. The MCPA, pursuant to M.C.L. § 445.252(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

79. Greystar violated the MCPA by failing to have adequate procedures in place designed to prevent a violation by its employees. Plaintiff informed Defendants that their communications were inconvenient, unwelcomed, and harassing, further demanding that they stop. Plaintiff also informed Defendants that the amount under the subject debt was confirmed by the apartment complex to not be correct.

Nevertheless, the calls and email communications continued at an incessant rate and the subject debt continued to inaccurately report that such amount of debt was owed by Plaintiff. Such conduct demonstrates the lack of any procedures in place by Defendants wherein its employees would cease calling after becoming aware that its calls were pervasively unwelcome and inconvenient and no longer made with legal consent. In fact, Defendants' policies seem to encourage these very violations, given Defendants' persistent communications, both after Plaintiff revoked as well as receiving notice of Plaintiff's legal representation, notwithstanding the extent to which Defendants knew them to be harassing to Plaintiff. As such, Defendants have not only failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts, but seemingly encouraged such violations of law through its harassing and oppressive methods of debt collection.

80. Greystar's violations of the MCPA were willful. Defendants were notified by Plaintiff that Plaintiff did not wish to receive any more phone calls and emails, yet Plaintiff was continuously bombarded with collection communications from Defendants. Defendants further continued to contact Plaintiff directly in connection with the subject debt despite receiving three notices from Plaintiff's attorneys that Plaintiff was represented by legal counsel. Defendants engaged in this conduct knowing it to be harassing and violation of law, in turn demonstrating its willful

violations. Upon information and belief, Defendants regularly engage in the above-described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MCPA.

WHEREFORE, Plaintiff, GERALD A. STOUDAMIRE, respectfully requests this Honorable Court enter judgment in his favor as follows:

g. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

h. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1);

i. Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2);

j. Awarding Plaintiff statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2);

k. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2);

l. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

m. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: December 22, 2025 Respectfully Submitted,

*/s/Nathan C. Volheim*

Nathan C. Volheim, Esq.
Counsel for Plaintiff
Sulaiman Law Group, LTD
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 568-3056
Fax: (630) 575-8188
nvolheim@sulaimanlaw.com